**FILED**



NOV 01 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**CLERK, US DISTRICT COURT, WDNY**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| -v- | : |
| | : |
| Frankie Johnson | |
| a.k.a. Franklin Johnson, | |
| | : |
| Defendant. | |
| | : |

06-CR-

**06  CR  385**

## Plea Agreement and Rule 11 Acknowledgments

In preparation for the Plea Agreement, hereinafter set out, the defendant expressly states that he has discussed with his attorney and understands the following:

**(A)** that the government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

**(B)** that the defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

**(C)** that the defendant has the right to a jury trial;

**(D)** that the defendant has the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;

**(E)** that the defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

**(F)** that by entering a plea of guilty the defendant is waiving these trial rights if the court accepts a plea of guilty;

The defendant further states that he has discussed with his attorney and understands:

**(G)** the nature of each charge to which the defendant is pleading, including the elements and factual basis for each crime;

**(H)** the maximum possible penalty (as set out in Paragraph 1 of the Plea Agreement);

**(I)** *the mandatory minimum penalty (if applicable);

**(J)**   *any applicable forfeiture (if applicable);

**(K)**   *the court's authority to order restitution (if applicable);

**(L)**   the court's obligation to impose a special assessment (as set out in Paragraph 1 of the Plea Agreement);

**(M)**   the court's obligation to consider the Sentencing Guidelines, and the court's discretion to depart from those guidelines; and

**(N)**   the Plea Agreement's provision waiving the defendant's right to appeal or to collaterally attack the sentence.

Frankie Johnson a.k.a
Franklin Johnson
Defendant
Dated: November ____, 2006

Michael P. Stuermer, Esq.
Attorney for the Defendant
Dated: November ____, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      -v-

FRANKIE JOHNSON a/k/a                  06-CR-
FRANKLIN JOHNSON,
                 Defendant

---

## PLEA AGREEMENT

The defendant, FRANKIE JOHNSON a/k/a FRANKLIN JOHNSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a two count Information charging:

(a) in Count I, a violation of Title 21, United States Code, Section 848(a) (Continuing Criminal Enterprise), which carries a minimum term of imprisonment of 20 years and a maximum possible sentence of a term of life imprisonment, a fine of $2,000,000 or both, a mandatory $100 special assessment and a term of supervised release of up to 5 years; and

(b) inr Count, II a violation of Title 18 United States Code Section 1956(h) (Conspiracy to Launder Monetary Instruments) which carries a maximum possible sentence of a term of 20 years imprisonment, a fine  of $2,000,000 or both, a mandatory $100 special assessment and a term of supervised release of 3 years.

(c) The defendant understands that the penalties set forth in paragraphs (a) and (b) above are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II.    SENTENCING GUIDELINES

- 2 -

4.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE OFFENSES

5.    The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

(a)    Under Count I: that the defendant violated the Drug Abuse Prevention and Control Act the punishment for which is a felony; the violation was a continuing series of violations committed by the defendant in concert with five or more other persons; the defendant occupied a position of organizer or supervisor and the defendant obtained substantial income or resources from the violation.

(b)    Under Count II: that an agreement existed between two or more persons to commit a money laundering offense as charged in the information, that the defendant knew of the existence of the agreement and that the defendant intended to participate in the unlawful agreement.

- 3 -

## FACTUAL BASIS

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> (a)   That from approximately January 2001 up to and including October 2004, the defendant was the organizer and supervisor of a large-scale marijuana distribution conspiracy in the City of Buffalo.
>
> (b)   That defendant, as part of his operation, employed over five (5) individuals to supply and sell marijuana at various marijuana houses and who would also be responsible for picking up the proceeds from the sale of marijuana. The defendant also maintained a crew of individuals that would repair and place traps throughout the houses in order to avoid detection during the execution of search warrants.  The defendant would then make weekly payments to the employees with the proceeds obtained from the sale of the marijuana, a commodity affecting interstate and foreign commerce.
>
> (c)   As a result of the defendant's marijuana distribution operation, the defendant received substantial income and resources totaling approximately $750 to $1,000 per day, per house.  The defendant would then use these proceeds to purchase homes, automobiles and jewelry.
>
> (d)   During the period of time set forth above, individuals employed by and

- 4 -

on behalf of the defendant to sell
marijuana and to maintain premises
used to sell marijuana were paid a
total of approximately $1,000,000 in
cash derived from the sale of
marijuana for their services.

(e)   At least 100 kilograms but less than
400 kilograms of marijuana is the
amount involved in the defendant's
relevant conduct encompassed in the
Information which could be readily
proven by the government against the
defendant.

## BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines §
2D1.5(a)(2) applies to the offenses of conviction and provides for
a base offense level of **38**.

8. It is the understanding of the government and the defendant
that, pursuant to Guidelines § 3D1.2, the combined adjusted offense
level is 38.

## ACCEPTANCE OF RESPONSIBILITY

9.    At sentencing, the government agrees not to oppose the
recommendation that the Court apply the two (2) level downward
adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility)
and further agrees to move the Court to apply the additional one

- 5 -

(1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **35**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **II**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **35** and criminal history category of **II**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 240 months, a fine of $20,000 to $2,000,000 and a period of supervised release of 3 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set

forth in paragraph 1 of this agreement.

12.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, move for any Guidelines departure or move for a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

13.   The defendant understands the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### III.   <u>STATUTE OF LIMITATIONS</u>

14.   In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to

assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

15. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

16. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are

- 8 -

inconsistent with the information and evidence available to the government;

c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

17.   At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 04-M-2167.

18.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V.   APPEAL RIGHTS

19.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code,

- 9 -

Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶11 above, notwithstanding the manner in which the Court determines the sentence.

20. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶11 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. COOPERATION

22. The defendant will cooperate with the government by

- 10 -

providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances and the laundering of monetary instruments. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

23.   The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

24.   In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way

involving or related to the unlawful possession, manufacture or distribution of controlled substances and the laundering of monetary instruments, committed up to the date of this agreement and about which the defendant provides complete and truthful information.    Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

25.    Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

26.    Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines, at least **4** levels from the equivalent of a total offense level 36, as provided for in Guidelines § 5K1.1 and mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section

3553(e) which, if granted by the Court, would result in a total offense level of 32 and a sentencing range for imprisonment of 135 to 168 months.  The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

27.  This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

28.  It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this

agreement extends past sentencing.

29.   In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

30.   Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.  In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

31.   If this agreement is declared breached:

a.     the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.     the government may withdraw any motion filed pursuant to Sentencing Guidelines §5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

- 14 -

c. the defendant has no right to withdraw the plea of guilty;

d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

32. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

33.  The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VII.  **FORFEITURE PROVISIONS**

34.  As a condition of the plea, the defendant agrees to criminally forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 21, U.S.C. Sections 853(a)(1)(2) and (3) and Title 18, United States Code, Section 982(a)(1), which are in the possession and control of defendant or his nominees or were seized from the defendant or his nominees on or about October 7, 2004, including, but not limited to the following property:

**Real Properties**:

(a)  All legal and equitable interest in the premises and property located at 817 East Delevan, Buffalo, New York;

(b)  All legal and equitable interest in the premises and property located at 17 Gittere Street, Buffalo, New York.

- 16 -

**Business Interests**:

(a)   All legal and equitable interests in the business, Buffalo One Stop, 817 E. Delevan, Buffalo, New York.


**Monetary Amount and Money Judgment**:

(a)   The sum of thirteen thousand two hundred three dollars and thirty-two cents ($13,203.32) found in various locations under the control of defendant or his nominees and the sum of which will be applied to any judgment ordered against defendant.

(b)   The sum of one million fifty six thousand three hundred-eighty dollars ($1,056,380.00) United States currency. Said amount to be secured by a money judgment amount which will accrue interest at the prevailing interest rate per annum and shall serve as a judgment and lien against the defendant until fully satisfied;


(c)   The defendant also agrees that the properties listed above are properly forfeitable to the United States pursuant to Title 21, U.S.C. Sections 853(a)(1)(2) and (3) and Title 18, United States Code, Section 982(a)(1).   The defendant further agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and

- 17 -

execution of any documents necessary to transfer his interest in any of the above property to the United States, as deemed necessary by the government.

35.   Prior to or immediately thereafter this entry of a plea of guilty, the defendant shall be required to make full and complete disclosure of all assets the defendant owns, whether in the defendant's name or the names of others, which the defendant possesses and/or over which he exercises control.  Further, the defendant shall disclose any assets obtained as a result of the criminal activity that is the basis of this agreement and disclose who owns such property at this time and the circumstances under which such property was obtained.  Further, as of the date of this agreement, the defendant shall not transfer, secrete or otherwise dissipate any assets he owns, possesses or over which he exercises control without the permission of the government.  A breach of this paragraph will be given the same effect as a breach of paragraph 32 in this Agreement.

36.   The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly, intelligently and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as

to this criminal proceeding or any related civil or administrative proceeding referred to within this agreement.  Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States, the State of New York or its subdivisions.

37.  The defendant agrees that the forfeiture of the aforementioned assets as set forth in this agreement shall not be deemed an alteration of the defendant's sentence.  Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

38.  The defendant agrees to release and hold harmless all federal, state, and local law enforcement agencies, and their agents, departments, servants, employees, and contractors from any and all civil liability arising from the filing of this Agreement, and any other transfer documents, and the forfeiture of the aforementioned property.

39.  After the acceptance of this Plea of Guilty and pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, the government will request a Preliminary Order of Forfeiture covering

- 19 -

the items listed in paragraph 34 above.   The defendant hereby waives his right to notice of such Preliminary Order of Forfeiture.

40.   In the event the defendant is allowed to withdraw the pleas of guilty or in the event this agreement is voided by the Court, it is expressly agreed and understood that the agreement for the forfeiture of property is binding upon the defendant and survives the voiding of this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

41.   This plea agreement represents the total agreement between the defendant, FRANKIE JOHNSON a/k/a FRANKLIN JOHNSON, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY:  _Michael DiGiacomo_
Michael DiGiacomo
Assistant U. S. Attorney

Dated: November _1_ , 2006

- 20 -

I have read this agreement, which consists of 21 pages.   I have had a full opportunity to discuss this agreement with my attorney, Michael P. Stuermer, Jr., Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

Frankie Johnson a/k/a
Franklin Johnson
Defendant

Dated: November ____, 2006

Michael P. Stuermer, Esq.
Attorney for the Defendant

Dated: November ____, 2006